# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

FRITZ BEY,

                              Plaintiff,

       vs.                                       1:19-CV-1594
                                                (MAD/ATB)

PHILIP J. MILANO, et. al.,

                              Defendants.

---

FRITZ BEY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER

The Clerk has sent to the court a complaint filed by pro se plaintiff Fritz Bey. (Dkt. No. 1). Plaintiff Bey has also filed an application to proceed in forma pauperis ("IFP") (Dkt. No. 2). Plaintiff purports to bring this action pursuant to 18 U.S.C. § 241, 242, 246. (Complaint ("Compl.") ¶ II(A)). Plaintiff also appears to ask this court, inter alia, to enjoin a state court criminal action against him, and grant him damages against defendants Philip Milano and Brian Haller, two police officers, and defendant Deborah J. Young, "Judge." (Compl. ¶ IV; Exhibit 1 at CM/ECF pp.8-16).

## I.   IFP Application

### A.   Legal Standards

In order to proceed IFP in federal court, the court must be satisfied by plaintiff's affidavit that he is unable to pay the "cost of these proceedings." (Dkt. No. 2 at 1); 28 U.S.C. § 1915. "'The purpose of 28 U.S.C. 1915 is to ensure that litigants will not be

deprived of access to the judicial system because of their financial circumstances.'" *Deep v. Bowles*, No. 1:09-MC-73, 2010 WL 11526763, at *1 (N.D.N.Y. Mar. 19, 2010) (quoting *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) (citing *Harlem River Consumers Co-op, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 96 (S.D.N.Y. 1976)). Whether to grant an application to proceed IFP rests within the sound discretion of the court. *Id.* (citing *Monti*, 600 F. Supp. at 113).

To make this threshold showing, a plaintiff must demonstrate "'that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.'" *Tucker v. United States*, 142 Fed. Cl. 697, 707 (Fed. Cir. 2019) (quoting *Fiebelkorn*, 77 Fed. Cl. at 62); *Deep*, 2010 WL 11526763, at *1 (quoting *Fiebelkorn v. U. S.*, 77 Fed. Cl. at 62 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). When considering a motion filed pursuant to § 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)) (alteration in original). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* The Second Circuit has stated that, "'[n]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life.'" *Id.* (quoting *Potnick v. Eastern*

*State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins*, 335 U.S. at 339)).

## B.    Application

In this case, plaintiff has chosen not to properly answer any of the questions in the form-application to proceed IFP.  The first question asks whether plaintiff is incarcerated. (Dkt. No. 2 ¶ 1).  Plaintiff has answered "N/A."  The court assumes that this notation indicates that plaintiff believes that the answer to this question is "not applicable."  If plaintiff were incarcerated, he would have to submit his prison account statements, together with an authorization form, allowing the court to deduct the partial payment fee from his facility account.  If plaintiff is no longer incarcerated, he may proceed without submitting such documents[1] and without paying a partial fee.  Thus, the question on the IFP application regarding current incarceration is applicable and should be answered.

Plaintiff has also answered "N/A" to whether he is employed, and if so, how much money he makes, and he has answered "no" to the question asking whether he received money from "any other" listed sources in the past 12 months. (Dkt. No. 2 ¶¶ 2, 3). Plaintiff has answered "N/A" to the question asking whether he has money in a checking or savings account, and if so, how much money he has. (Dkt. No. 2 ¶ 4).  The form also asks whether the plaintiff has any assets of value, debts, expenses, or financial

---

[1] The court notes that, as part of plaintiff's request for relief, he has asked for $1,160 for "Bond posted to be released from Rensselaer County Correctional Facility." (Compl. ¶ IV).  This appears to indicate that plaintiff posted bond and has been released.  The court also notes that plaintiff's address has been listed as a Post Office Box in Schenectady.  Thus, it is possible that plaintiff has been released. However, the court should not have to guess at the answers to the form-questions.

obligations. (Dkt. No. 2 ¶¶ 5, 6, 8).  To the first two paragraphs, plaintiff states:

> The constitution states that the right of the people to be secure
> in their persons papers and effects shall not be violated.
> Meaning we have the right to privacy.  This information is
> irrelevant in regards to the courts proceeding Pro Bono.  HR 25
> as of March 22, 2018 stated that the USD has lost 96% of
> value.  Meaning I cannot pay and [sic] fee in USD.

(Compl. ¶¶ 5, 6).  In response to the question regarding financial obligations, plaintiff
states:

> All debts belong to the United States Corporation (28 U.S.C.
> 3002(15)(A)) see title 12 U.S.C. 411.

Plaintiff has essentially failed to properly answer most, if not all, of the questions in the
IFP application, and it appears that he has done so intentionally.  Clearly, he wishes this
court to allow him to proceed without payment of fees, but refuses to "demonstrate" that
he is entitled to do so as the law requires.  He wishes to have the court adjudicate his
claims, but refuses to abide by the rules which govern the process.  Plaintiff's responses
leave this court unable to determine whether plaintiff is financially eligible to proceed
IFP.  Because the plaintiff has failed to demonstrate financial need, cannot grant IFP, and
the court need not proceed to a consideration of the merits of plaintiff's case.[2]

Because plaintiff is proceeding pro se, and the court must show the utmost

---

[2] In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the
court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C.
§ 1915, which provides that the court shall dismiss the case at any time if the court determines that the
action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks
monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).
Although the court has serious doubts that plaintiff meets the sufficiency standard, the court will not
address those issues until plaintiff has properly completed the IFP form or paid the filing fee.

liberality to such parties, the court will give the plaintiff another chance to properly apply for IFP status. The Clerk is directed to send plaintiff another IFP form-application, and plaintiff will have until **Friday, January 17, 2020** to properly answer the questions on the form. Plaintiff also has the option of paying the filing fee[3] if he does not wish to properly answer the IFP questions, based on his alleged "right-to-privacy" or some other reason that he does not wish to answer the questions.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is **STAYED**, pending plaintiff's submission of a properly completed application for IFP status, **or** payment of the filing fee, as outlined above by **Friday, January 17, 2020**, and it is

**ORDERED**, that the Clerk is directed to send plaintiff a new IFP form for plaintiff's use, and it is

**ORDERED**, that when plaintiff submits the properly completed IFP form, pays the filing fee, or at the expiration of the time allotted for such action if plaintiff fails to do either, the Clerk shall send the case back to me for further review.[4]

Dated: December 27, 2019

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**

---

[3] As stated above, it appears that plaintiff is no longer incarcerated. If this is true, the filing fee is $400.00. If plaintiff were incarcerated, he would have to submit his prison account statements and an authorization form as outlined in the form-application. In that case, the filing fee would be $350.00, but a partial filing fee would be deducted from plaintiff's inmate account. 28 U.S.C. § 1915(b)(1)-(b)(2).

[4] The case should be returned to me for further review even if plaintiff chooses to pay the filing fee.